

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2002

# Lowry v. City of Scranton

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lowry v. City of Scranton" (2002). *2002 Decisions.* Paper 638.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/638

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-2028 and 01-2040
_____

LISA LOWRY, Individually and as Parent and Natural Guardian
of Matthew Lowry, a Minor, Kaitlin Lowry, a Minor and Emily
Lowry, a Minor

v.

CITY OF SCRANTON, Pennsylvania; GUNTHER PISA, Individually,
and as a Police Officer, Scranton, PA;
WILLIAM STRONG, Individually and as a Pennsylvania State
Police Officer; JOHN DOE 1, Individually and as a Police
Officer, Scranton, PA; JOHN DOE 2, Individually and as a Police
Officer, Scranton, PA; MINMAUGH, First Name Unknown, Individually,
and as a Pennsylvania State Police Officer; PA STATE POLICE; EDWARD
BONIN, Individually and as a Police Officer, Scranton, PA;
WILLIAM MURPHY, Individually and as A Pennsylvania State
Police Officer; CURTIS A. SZCZECINSKI, Individually and as a Pennsylvania
State Police Officer; THOMAS KOBESKI, Individually and as a
Pennsylvania State Police Officer

William Murphy; Curtis Szczecinski;
Thomas Kobeski; William Strong, Appellants in No. 01-2028

------------------------------------------------------
LISA LOWRY, Individually and as Parent and Natural Guardian
of Matthew Lowry, a Minor, Kaitlin Lowry, a Minor and Emily
Lowry, a Minor

v.

CITY OF SCRANTON, Pennsylvania;
GUNTHER PISA, Individually, and as a Police Officer,
Scranton, PA; WILLIAM STRONG, Individually and as a
Pennsylvania State Police Officer; MINMAUGH, First Name Unknown, Individually,
and as a Pennsylvania State Police Officer; PA STATE POLICE;
EDWARD BONIN, Individually and as a Police Officer,

Scranton, PA; WILLIAM MURPHY, Individually and as A Pennsylvania State
Police Officer; CURTIS A. SZCZECINSKI, Individually and as a
Pennsylvania State Police Officer; THOMAS KOBESKI,
Individually and as a Pennsylvania State Police Officer

Edward Bonin; Gunther Pisa, Appellants in No. 01-2040
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 99-cv-00557)
District Judge: Honorable Thomas I. Vanaskie, Chief Judge

_____

Argued: May 21, 2002

Before: BECKER, Chief Judge, GREENBERG, Circuit Judge,
and BARZILAY, Judge, U.S. Court of International Trade.[*]

(Filed: October 4, 2002)

D. MICHAEL FISHER, ESQUIRE
Attorney General
DANIEL J. DOYLE, ESQUIRE (ARGUED)
Senior Deputy Attorney General
CALVIN R. KOONS, ESQUIRE
Senior Deputy Attorney General
JOHN G. KNORR, III, ESQUIRE
Chief Deputy Attorney General
Chief, Appellate Litigation Section
Office of Attorney General
Litigation Section
15th Fl., Strawberry Square
Harrisburg, PA 17120

Counsel for Appellants Murphy, Szczecinski, Lobeski and Strong

_____

[*]Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting
by designation.

2

NANCY M. BARRASSE-SOLIMAN, ESQUIRE (ARGUED)
Blaum & Barrasse
108 North Washington Avenue, Suite 1105
Scranton, PA 18503

Counsel for Appellants Pisa and Bonn

ANDREW HAILSTONE, ESQUIRE (ARGUED)
Kreder, Brooks, Hailstone & Ludwig
220 Penn Avenue, Suite 200
Scranton, PA 18504

Counsel for Appellee Lowry

———————————————

OPINION

———————————————

BECKER, Chief Judge.

This is an appeal by a number of law enforcement officers, some employed by the

Pennsylvania State Police and some by the City of Scranton Police Department, from an

order of the District Court denying their motions for summary judgment on grounds of

qualified immunity. We will dismiss the appeal for lack of appellate jurisdiction.

The lawsuit grew out of a confused set of events that followed a drug arrest in a

residential neighborhood. Because the parties are fully familiar with the background facts

and procedural history we need not set them forth, and limit our discussion to our *ratio*

*decidendi.* The flavor of the case and the basis for our decision here will be illuminated by

setting forth an excerpt from one of the appellant's briefs:

> The actions taken by Officers Bonin and Pisa were
> objectively reasonable in light of the chaotic scene created by
> the Lowrys and their relatives in the midst of an arrest of a drug

3

dealer considered to be dangerous.  The Lowrys' conduct was disproportionate to the relatively short intrusion into their liberty and the serious and justifiable reason for it.  A member of their family had just alighted from an undercover Pennsylvania State police vehicle and opened the back door.  The officers on the scene to make the arrest stopped the Lowrys in a manner which was reasonable under the circumstances then existing on the scene and consistent with the information conveyed to them by the undercover State Police officers in the van.

The officers' version is, not surprisingly, controverted by the plaintiffs, who offered evidence that the officers trained guns on three minors for a considerable period of time _after_ the suspect had been arrested and the area secured.

The touchstone of the appeal lies in the following statements of the able District Judge in his opinion denying summary judgment.

> Viewing the evidence in the light most favorable to the Lowrys, there are material issues of fact from which a jury could conclude that the officers' detention of the Lowrys and the use of guns were unreasonable under the circumstances of this case.  Although the officers' initial decision to detain the Lowrys while placing Harvey under arrest may have been reasonable, the detention of the Lowrys significantly exceeded the amount of time it took the officers to complete that task.  The facts show that Harvey, the only suspect to be arrested, was placed in handcuffs almost immediately after the police arrived at the scene.  The evidence also suggests that Harvey was neither uncooperative nor hostile.  The Lowrys, however, were detained for at least another 10 to 15 minutes.  Moreover, despite Mrs. Lowry's continued protestations to allow her young children to leave the car, the officers took active steps to prevent anyone from removing Kaitlin and Emily and allegedly made threats to individuals who attempted to remove the girls.  Although the officers assert that such detention was necessary for the Lowrys' protection and to ascertain the Lowrys' involvement, it is undisputed that the officers never

4

searched the Lowrys or Mrs. Lowrys' vehicle, never asked the Lowrys questions about their connection with Harvey, or spoke with them after the detention of Mr. Harvey.

\* \* \*

Summary judgment on the issue of qualified immunity is inappropriate "where the case depends upon the factfinder's evaluation of the officer's conduct." *See Clarke v. City of Philadelphia*, No. Civ. A. 92-4700, 1994 WL 388559, at \*6 (E.D. Pa. July 27, 1994). This is especially true where, as here, there is a genuine dispute about facts material to an assessment of the officers' conduct. In this case, there is a dispute as to when the Lowrys first knew they were confronted by law enforcement officers; there is a dispute as to how long the weapons remained trained on the Lowrys; and there is a dispute as to the length of time they were detained. Whether a reasonable officer would have known that his or her conduct was unconstitutional depends on resolution of these factual disputes.

In *Johnson v. Jones*, 515 U.S. 304 (1995), the Supreme Court held that "a portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency' . . . is not appealable." *Id.* at 313. This holding rested on the Court's distinction between an appeal that raised, "not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law," *id.* at 311, which is immediately appealable, and an appeal that raises "questions about whether or not a record demonstrates a 'genuine' issue of fact for trial," *id.* at 316, which it held was not immediately appealable.

These two situations, according to the Court, are conceptually distinct, with the

former being immediately appealable because it raises issues "separate" from the merits of plaintiff's claim. Quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985), a case in which the Court was asked to determine whether undisputed facts violated "clearly established" law, the Court clarified why such a question raised an issue separate from the merits of the case, stating that an:

> appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions, or, in cases where the district court has denied summary judgment for the defendant on the ground that even under the defendant's version of the facts the defendant's conduct violated clearly established law, whether the law clearly proscribed the actions the defendant claims he took.

*Id.* at 313. Applying *Johnson* here, where the District Court concluded that there were genuine issues of fact regarding the duration of the detention and the use of force, a decision that does not raise questions separate from the merits of plaintiffs' claim, we have no appellate jurisdiction.

The appellants contend that what we should do is to take the facts in the light most favorable to the plaintiffs and rule that even on those facts, the officers were entitled to qualified immunity. This is an attempt by the appellants to take the case out of *Johnson*'s proscription, and into the realm of *Mitchell*, discussed *supra*. We respectfully decline that invitation.

First, the facts of the case are most unclear. Even if we were inclined to view the facts in the light most favorable to the Lowrys, we would not be able to determine whether

6

the conduct violated "clearly established" law because there is no consensus on what the facts are in the light most favorable to the Lowrys, as was borne out at oral argument. Rather, there is a real and continuing dispute between the parties as to, for example, the length of time that weapons were trained on Lisa Lowry and her children, as well as the length of time that the parties were detained after Philip Harvey was placed in custody. This was precisely what the District Court noted when it concluded that summary judgment based on qualified immunity was inappropriate: "Viewing the evidence in the light most favorable to the Lowrys, *there are material issues of fact* from which a jury could conclude that the officers' detention of the Lowrys and the use of guns were unreasonable under the circumstances of this case." (emphasis added).

Second, we are here asked to review a District Court's order, and as such we ought to review what the District Court did, not what the District Court did not do. As just mentioned, the District Court concluded that even if it were to take the facts in the light most favorable to the Lowrys, there remained genuine issues of fact for trial. The District Court did not say that, even taking the facts in the light most favorable to the Lowrys, the appellants are not entitled to qualified immunity. Thus, we are here asked to sit in review of the District Court's conclusion that there remains a genuine issue of material fact, a question we do not have jurisdiction to review under *Johnson*.

The appeal will be dismissed for lack of appellate jurisdiction.

7

————————————————

TO THE CLERK:

    Please file the foregoing Opinion.

                        BY THE COURT:


                        /s/Edward R. Becker
                        Chief Judge